IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **DEMARLO ALEXANDER BANKS,** | ) | **CASE NO. 7:20CV00428** |
| | ) | |
| **Petitioner,** | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **ROCKBRIDGE COUNTY** | ) | |
| **CIRCUIT COURT,** | ) | **By:  Hon. Glen E. Conrad** |
| | ) | **Senior United States District Judge** |
| **Respondent.** | ) | |

Petitioner Demarlo Alexander Banks, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. He challenges the February 2020 judgment of the Rockbridge County Circuit Court under which he stands convicted of drug offenses and sentenced to serve prison time. Upon review of the record, the court concludes that the petition must be summarily dismissed without prejudice, because Banks has not yet exhausted available state court remedies.

Under 28 U.S.C. § 2254(b), a federal court like this one cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. The exhaustion requirement is satisfied by seeking review of the claims, throughout the state court system, to the highest state court with jurisdiction to consider the claims. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). For claims of ineffective assistance of trial counsel like those that Banks alleges, a petitioner may file a state habeas corpus petition in the Circuit Court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. Va. Code Ann. § 8.01-654(A)(1); § 17.1-406(B). In the alternative, he can file a state habeas petition directly with the Supreme Court of Virginia. Va. Code Ann. § 8.01-654(A)(1). Whichever route he follows in exhausting state court habeas remedies, a petitioner must ultimately

present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them on the merits under § 2254.

On the face of Banks' § 2254 petition, he states that he has not filed an appeal or a habeas corpus petition in any state court since he was sentenced in the Rockbridge County Circuit Court in February 2020. State court records available online also indicate that he has not filed a habeas petition in any state court. Because these records indicate that Banks has not presented his current claims to any state court in a petition for a writ of habeas corpus and still has that available remedy, he has not yet exhausted available state court remedies as required under § 2254(b). Therefore, the court must dismiss his § 2254 petition without prejudice to allow him to return to state court to do so.[1]  See Slayton v. Smith, 404 U.S. 53, 54 (1971) (finding that § 2254 habeas petition must be dismissed without prejudice if petitioner has not presented his claims to the appropriate state court and could still do so). An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to Banks.

**ENTER**: This  10th  day of August, 2020.

                                                      Senior United States District Judge

---

[1] Banks is advised that the time to file a state court habeas petition is limited under state law. If he is dissatisfied with the outcome after he has exhausted available state court remedies, by receiving a ruling from the Supreme Court of Virginia on his habeas claims, he may file another § 2254 petition at that time.

2